UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLY E. LAMP,<br>    Plaintiff,<br><br>    v.<br><br>NEW AGE ENTERPRISE<br>MANAGEMENT SERVICES, and<br>TRI-COUNTY JOINT<br>MUNICIPAL AUTHORITY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 2:16-cv-01156-MAP |

<u>MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>
(Dkt. Nos. 32 and 37)

January 8, 2018

PONSOR, U.S.D.J.[1]

I. <u>INTRODUCTION</u>

Plaintiff Molly Lamp has filed this three-count complaint for sexual harassment and retaliation against Defendants New Age Enterprise Management Services (New Age) and Tri-County Joint Municipal Authority (Tri-County) under

---

[1] The undersigned, a Senior U.S. District Judge in the District of Massachusetts (Western Division), is presiding over this case pursuant to 28 U.S.C. § 294(d).

1

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) ("Title VII"), and the Pennsylvania Human Rights Act, 43 Pa. Cons. Stat. Ann. § 955(a) (PHRA). Defendants have moved for summary judgment on all counts.

In support of their motions, Defendants contend that the record, viewed in the light most favorable to Plaintiff, lacks sufficient evidence to justify a factfinder in concluding that the total number of Defendants' employees was sufficient to satisfy Title VII and the PHRA's numerosity threshold of fifteen and four, respectively. Defendants offer various arguments in support of summary judgment on this point. As will be explained, the answer to one question of law is pivotal on the Title VII claim: may employees listed on a company's payroll after termination be counted toward the 15-employee threshold?

For the reasons set forth below, the answer to this question is "no." Defendants' motion for summary judgment as to the Title VII claims will therefore be allowed, and judgment will enter for Defendants on those counts. Plaintiff's state claims under the PHRA will be dismissed without prejudice to their re-filing in state court.

## II. BACKGROUND

The facts pertinent to Defendants' motions are essentially undisputed.

Defendant Tri-County is a water utility. During the first two quarters of 2014 (January to July), it listed thirteen employees on its Wage Details Reports. Tri-County's records are clear, however, that three of these employees were terminated on March 8, 2014. After that, they did not work for Tri-County. Their names continued to be listed in the subsequent Quarterly Wage Details Reports for accounting purposes during a limited period of ongoing severance and vacation pay.

In July 2014, Tri-County entered into an agreement with Defendant New Age in which New Age agreed to provide Tri-County with clerical, billing, general office, secretarial, and accounting services. Prior to signing the agreement, New Age had no employees. That same month, after entering into its agreement with Tri-County, New Age hired two employees, Plaintiff and another individual.

During the third and fourth quarters of 2014, the number of employees listed by Tri-County in its Quarterly

Wage Details Reports dropped to ten (the three terminated employees no longer appearing on the Report), and thereafter eleven, after an individual named Bojtos was hired later that year. (Dkt. No. 33 at 4.) In its annual Wage Details Report for 2014, Tri-County listed thirteen employees for that year, including the three terminated in March.

A December 22, 2014, Commercial Insurance Application prepared by Tri-County's insurance agent listed Tri-County's personnel to include thirteen "waterworks" employees and four "clerical" employees. (Dkt. No. 45-2 at 18.) The agent has submitted an affidavit that this number was based on his own estimate, not upon personal knowledge.

Plaintiff testified at her deposition that Tri-County's work force remained unchanged the entire time she worked there (through January 2015), with no employees fired or quitting during that time and all employees working consecutive weeks from July 2014 through the end of the calendar year. (Dkt. No. 45-1 at 24.)

### III. DISCUSSION

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). In determining whether this burden is met, a court must take the facts in the light most favorable to the nonmoving party, drawing all inferences favorable to that party. <u>Steele v. Cicchi</u>, 855 F.3d 494, 500 (3d Cir. 2017).

To be considered an employer under Title VII, a business must be engaged in an industry affecting commerce and must have employment relationships with 15 or more individuals for each working day in 20 or more weeks in the current or preceding calendar year. 42 U.S.C. §§ 2000e(b) & § 2000e-2(a).

As the record demonstrates, Defendants can only be considered to meet the employee-numerosity threshold if Tri-County is determined to have had thirteen employees for at least 20 weeks during the relevant time period, and if both Defendants may be considered a "joint" employer, so that New Age's two employees can be added to Tri-County's thirteen to

reach the 15-employee mark.  Also, Plaintiff can only reach the 15-person threshold, if the law permits her to count employees who were not working while she was employed.  The records are clear that, however the employees are counted, the aggregate number of employees for Tri-County and New Age never went above thirteen during the last six months of 2014, when Plaintiff was employed, or at any other relevant period.  Plaintiff left her employment in January 2015.

No matter how it is twisted, the arithmetic cannot be made to support any argument that Plaintiff can satisfy the numerosity threshold applicable to her Title VII claim on this record.

The most glaring, and most easily dispositive, fact is that Tri-County never had more than eleven employees after March 8, 2014, far fewer than the twenty weeks required. The Supreme Court held in <u>Walters v. Metropolitan Educational Enterprises, Inc.</u>, 519 U.S. 202, 211 (1997), that "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law . . . would not count toward the 15-employee minimum."  <u>Id.</u> at 211; <u>see also</u> <u>De Jesus v. LTT Card Servs., Inc.</u>, 474 F.3d

16, 22 (1st Cir. 2007) ("[T]he mere fact that an individual is on the payroll is not necessarily dispositive of his or her status as an employee.").

<u>Walters</u> makes clear that the appearance of a name on a defendant's books is not enough to justify inclusion of that individual in the numerosity calculation for Title VII purposes. "Under the interpretation we adopt . . . all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. <u>He is counted as an employee for each working day after arrival and before departure</u>." <u>Walters</u>, 519 U.S. at 665-66 (emphasis added). This authority makes clear that individuals who are terminated and no longer working for a defendant may not be included in the numerosity calculation, even if their names appear on the defendant's books for accounting or other reasons.

It is worth noting, in addition, that Plaintiff's argument relies upon an aggregation of the illusory thirteen employees at Tri-County with the two at New Age. Whether the two entities may be considered one "joint" employer is far from clear. It is not necessary to delve into this

thicket, however, since, as the preceding analysis makes clear, Tri-County never had thirteen employees for 20 or more weeks of the year 2014. The math, even assuming the parties could be considered one joint employer, simply cannot be made to support Plaintiff's argument.

The evidence of the insurance application does nothing to assist Plaintiff. It was prepared by an insurance agent, not an employee of either Defendant. Moreover, as noted, the affidavit submitted by the agent, Al Delucia, confirms that he prepared the insurance application based upon his own estimate of the number of employees to be covered, not upon personal knowledge. (Dkt. No. 35-17 at 1-2.)

The analysis of numerosity under the PHRA is somewhat different from the analysis under Title VII. The threshold for employee numerosity, for example, is only 4. It is unnecessary for the court to address the viability of the PHRA claim, since this state law claim will be dismissed as a matter of discretion. See Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966), in stating that, where a district court seeks to exercise jurisdiction over supplemental state

claims, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." (internal quotations omitted)).

IV. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment (Dkt. Nos. 32 and 37) are hereby ALLOWED as to the Title VII claims. The clerk will enter judgment for Defendants on Counts 1 and 2 for sexual harassment and retaliation under Title VII. Having entered judgment at this early stage of the litigation in favor of Defendants on the federal claims, the court will exercise its discretion to dismiss the remaining state law claim. Accordingly, Count 3 is hereby DISMISSED without prejudice to its being re-filed in state court. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. District Judge